**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JUAN JOSE SALINAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0223-CVE-TLW |
| ) | |
| HASKELL HIGGINS, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2006-4281. See Dkt. # 10, Ex. 2. The docket sheet provided by Respondent reflects that on January 17, 2007, the state district court found Petitioner guilty after accepting his pleas of guilty to Trafficking in Illegal Drugs (Count 1), Failure to Obtain Drug Tax Stamp (Count 2), and Possession of Paraphernalia (Count 3). See Dkt. # 10, Ex. 2 at page 5 of 13. On that date, Petitioner was sentenced to eight (8) years imprisonment and a $25,000 fine on Count 1, five (5) years imprisonment and a $250 fine on Count 2, and one (1) year in the county jail and a $250 fine on Count 3, with the sentences to served concurrently. Id. Petitioner did not file a motion to withdraw

plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On April 11, 2008, Petitioner filed a motion for judicial review and sentence modification. Id. at page 10 of 13. There is no indication on the docket sheet provided by Respondent that the motion for judicial review has been ruled on. Id.

On August 4, 2008, Petitioner filed an application for post-conviction relief requesting an appeal out of time. Id. By order filed September 5, 2008, the state district court denied post-conviction relief. Id. at page 11 of 13. Petitioner appealed. By order filed December 9, 2008, in Case No. PC-2008-896, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 10, Ex. 1.

Petitioner commenced this habeas corpus action on April 16, 2009. See Dkt. # 1. In response to the petition, Respondent asserts that this action is time-barred. See Dkt. # 9.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2006-4281, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on January 29, 2007.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on January 29, 2007. Absent a tolling event, a federal petition for writ of habeas corpus filed after January 29, 2008, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

---

[1] The tenth day after pronouncement of Petitioner's Judgment and Sentence was Saturday, January 27, 2007. As a result, Petitioner had until the next business day, Monday, January 29, 2007, to file a motion to withdraw his guilty pleas.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The application for judicial review was filed on April 11, 2008, or after the limitations deadline.  Even if it had been filed before the limitations deadline, a motion for judicial review is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period.  Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)). Furthermore, Petitioner's application for post-conviction relief, filed August 4, 2008, does not toll the one-year limitations period because it was filed after the limitations period had already expired.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, neither of Petitioner's state court pleadings filed after the limitations deadline of January 29, 2008, tolled the limitations period. Therefore, this action, commenced on April 16, 2009, appears to be untimely.

Petitioner failed to file a response to Respondent's motion to dismiss.  In his petition, however, Petitioner requests that the limitations period be tolled "to preserve both the intent and the color of law in Oklahoma and the United States." See Dkt. # 1. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To

4

be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement contained in his petition is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. Therefore, the Court finds Petitioner is not entitled to equitable tolling. As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 3rd day of December, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5